(R.D. 11456)

ALINTEX, INC. v. UNITED STATES

Entry No. 1413.

(Decided January 8, 1968)

*Walter E. Doherty, Jr.*, for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

DONLON, Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel:

It is hereby stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General, counsel for the defendant, subject to the approval of the Court, that the merchandise covered by the above appeal consists of acrylic fibers and that the same is included in the final list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in § 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress.

It is stipulated and agreed that such or similar merchandise at the time of exportation referred to herein was not freely offered for sale in the Country of exportation either for home consumption or for exporation to the United States; and that said merchandise was appraised under § 402(a)(e) of the Tariff Act of 1930, as amended, on the basis of United States value, which basis of appraisement is not in dispute.

It is further stipulated and agreed that the United States value found by the Appraiser in the entry covered by the above appeal was $0.6186 per pound, net packed.

It is further stipulated and agreed that on the date of exportation of the within merchandise, such or similar merchandise was freely offered for sale for domestic consumption, packed ready for delivery, in the principal markets of the United States to all purchasers, in the usual wholesale quantities and in the ordinary course of trade, with

allowances for duty, cost of transportation and insurance, necessary expenses from the place of shipment to the place of delivery, profits not exceeding 8 per centum and general expenses not exceeding 8 per centum, at a value of $0.5692 cents per pound.

It is further stipulated and agreed that said appeal may be submitted for decision on the within stipulation, and on the invoices and entry and other official papers relating to the entry and appraisement covered by this appeal.

Accepting this stipulation as an agreed statement of facts, I find and hold that United States value, as defined in section 402a(e) of the Tariff Act of 1930, so renumbered by the Customs Simplification Act of 1956, is the proper basis for valuing the acrylic fibers at bar, and that said value is $0.5692 cents per pound.

Judgment will be entered accordingly.